IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                    Criminal No. 3:16cr68-02

DAMAIN E. BELL

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § (c)(1)(A) WITH MEMORANDUM OF LAW (ECF No. 103) (the "Motion") and the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 105). Having considered those documents, the file, the Presentence Investigation Report (ECF No. 90), and the Worksheet in Response to Motion for Compassionate Release (ECF No. 104), for the reasons set forth below, the Motion will be denied.

**BACKGROUND**

On October 12, 2016, a jury convicted Damain E. Bell of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The evidence that produced the convictions established that, on May 5, 2016, Bell and Garfield Henry agreed to sell three kilograms of cocaine to an informant

and to deliver another kilogram at another time. Then on May 6, 2016, Bell and Henry met the informant. On the way to the meeting, Bell and Henry were stopped and three kilograms of cocaine were found in the trunk of the car. Additionally, two firearms were recovered from the passenger compartment, one within Bell's easy reach. The two firearms were a Ruger P95 with two magazines and a HK P2000 with one magazine. A subsequent search of the hotel room where Henry and Bell were staying, yielded an additional kilogram of cocaine. Laboratory tests showed that the cocaine hydrochloride that had been seized was in excess of 500 grams.

Bell was sentenced to a term of imprisonment of 138 months consisting of 78 months on Count One and 60 months on Count Two, to be served consecutively to the sentence on Count One. (ECF No. 67).

At the time of sentencing, Bell requested that he be allowed to serve his prison term in a facility near his family in Atlanta, Georgia. At the time that he filed the Motion for Compassionate Release, he was in Estill, South Carolina at FCI Estill, which is approximately a 3-1/2 hour drive from Atlanta.

Bell's Motion for Compassionate Release rests entirely upon the premise that being confined in a prison at the time of COVID-19 constitutes an extraordinary and compelling reason for compassionate release. His record demonstrates no medical

2

conditions that would render him especially at risk if he contracted COVID-19. Indeed, his papers show that he has twice had and recovered from COVID-19 with no long term ill effects and that he has refused the COVID-19 vaccine.

Also, he asserts that he is not a danger to the community, that he has job opportunities awaiting him upon release, and that he is a rehabilitated individual. As to the asserted rehabilitation, the record shows that Bell has completed a wide range of courses, including a commercial driver's license course, a forklift certification course, and parenting an bookkeeping courses. Also, he has earned his GED and completed a drug rehabilitation program. He works for the camp admission office and serves as an orientation guide for other inmates.

The Government responds to the Motion for Compassionate Release by arguing that Bell has not established the requisites for release (particularized susceptibility for the risks associated with COVID-19 or a particularized facility risk). Further, the United States argues that because Bell has refused the COVID-19 vaccination and has made no showing that he has a medical condition that would warrant compassionate release, the Motion must fail.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp.3d 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for

4

compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020); United States v. White, ____ F. Supp.3d ____, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020)

1. **Particularized Susceptibility**

The defendant has not established that there exists, for him, a particularized susceptibility of serious consequences if he contracts COVID-19. Indeed, he has twice contracted COVID-19 with no serious ill effects.

Moreover, on four separate occasions, Bell was offered the Pfizer-BioNTech vaccine and refused it. The vaccine has proven effective in reducing the risk of contracting COVID-19 and the risk of serious consequences if it should be contracted. Refusal to accept a highly effective vaccine further militates against a finding that Bell is entitled to release. Indeed, it has been

5

held that "refusal to take preventative measures against COVID-19 substantially undermines [a defendant's] assertion that extraordinary and compelling reasons exist to warrant his release from prison." United States v. Madison, No. 2:17-cr-80, ECF No. 88 (E.D. Va. March 19, 2021). See also United States v. King, No. 16-cr-478-11 (CS), 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021); United States v. McBride, No. 5:19-cr-7-KDB-DCK-1, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021).

In sum, Bell has not met the particularized susceptibility risk facet of the applicable test.

2.  **Particularized Facility Risk**

Nor has Bell met the particularized facility risk component of the appropriate test. His motion cites press releases and information respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Estill, the defendant's facility of incarceration. Further, the record reflects that, at the time of the filing of the Government's papers, FCI Estill had no active cases of COVID-19 among inmates, one active case of COVID-19 among staff, and 6 inmates and 57 staff members who had previously recovered from COVID-19.

6

On this record, Bell has not met the particularized facility component of the applicable test.

3. **Assessment Under 18 U.S.C. § 3553(a)**

But, even if Bell had met the particularized risk assessment and the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community. There is no assertion that the defendant is a danger to the community. Bell asserts that he is rehabilitated and that warrants his release. The efforts that Bell has made toward rehabilitation are both significant and commendable. But, they simply do not outweigh the seriousness of his significant trafficking in drugs and his demonstrated willingness to protect the product, the profit, and himself with firearms. The extant sentence is sufficient, but not greater than necessary, to protect the public, deter the defendant, and promote respect for the law. Considering the record as a whole, a reduction would disserve those objectives.

7

**CONCLUSION**

For the foregoing reasons, the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § (c)(1)(A) WITH MEMORANDUM OF LAW (ECF No. 103) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Dated: May 7, 2024

8